IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMOND MIMMS,

    Plaintiff,　　　　　　　　　　CV F 05 0142 REC SMSWMW P

  vs.　　　　　　　　　　　　　　　ORDER DISMISSING COMPLAINT
　　　　　　　　　　　　　　　　　　WITH LEAVE TO AMEND

GEORGE GALAZA, et al.,

    Defendants.
_____/

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant Warden George Galaza, as well as various individuals connected with plaintiff's underlying criminal conviction.  Plaintiff names as defendants a Superior Court judge as well as prosecutors and others involved in his criminal process.

    Plaintiff's claim in this complaint is that he is being illegally confined.  He alleges that he has been denied parole, and that his conviction was obtained fraudulently.   in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994),  the Supreme Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. §

1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. Here, plaintiff allegations, if true, imply that his conviction, or continued incarceration, is invalid. There are no allegations that plaintiff's conviction has been reversed, expunged, or otherwise invalidated. Plaintiff's claims under section 1983 are therefore not cognizable.

Further, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Because plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **May 2, 2005**                    **/s/  William M. Wunderlich**
mmkd34                                                   UNITED STATES MAGISTRATE JUDGE